IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: INVESTMENT COMPANY
OF THE SOUTHWEST,
        Debtor,

F.H. PARTNERS, L.P.,
        Appellant

vs.                                             No. CIV  06-0473 MV/LCS

                                                                Appeal from Order of
INVESTMENT COMPANY OF                 Honorable James S. Starzynski
THE SOUTHWEST,                                    United States Bankruptcy Court
        Appellee.                                   District of New Mexico
                                                                 Case No. 11-02-17878 SA

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon the Notice of Appeal filed by Appellant F.H. Partners, L.P.  (Doc. 1.)  Appellant seeks reversal of a release order entered in the bankruptcy court on May 30, 2006.  (*See* Doc. 17.)  Having reviewed the submissions and arguments of the parties, the record herein, relevant authorities, and being otherwise fully advised, the Court recommends that the petition be **DENIED** and the order of the bankruptcy court be **AFFIRMED**.

        **I.**        **PROCEDURAL HISTORY**

        1.        This appeal stems from a recent bankruptcy court decision in which the court ordered Appellant to release liens on five parcels of Debtor's real property in compliance with a now void Chapter 11 Plan ("the Plan").  (Doc. 16, Tab 6.)[1]  The relevant facts leading up to this

---

[1] F.H. Partners submitted a CD-Rom and a hard copy containing 33 exhibits relevant to this appeal.  (Doc. 16.) I will refer to the exhibits by the number of the tab in which they are listed.

appeal are as follows: in November, 2004, the bankruptcy court confirmed the Debtor's[2] Chapter 11 Plan, providing for payments by Debtor to its creditors over a certain period of time. *See F.H. Partners, L.P. v. Inv. Co. of the Sw., Inc.* (*In re* Inv. Co. of the Sw., Inc.), 341 B.R. 298, 303-06 (B.A.P. 10th Cir. 2006). (*See also* Doc. 16, Tab 30.)  Under the now defunct Plan, Debtor was to "liquidate assets upon which [Appellant] held mortgages . . . and to use those proceeds to pay [Appellant], to pay operating expenses, and to pay all other creditors.  As each parcel of real property secured to [Appellant was] sold, Debtor [was] required to pay [Appellant] a 'release price.'" *Id.* at 305.  Appellant appealed the court's confirmation of the Plan to the Tenth Circuit Bankruptcy Appellate Panel ("B.A.P."). (*See* Bankr. Docket Entry No. 260.)  While the appeal was pending, the Plan was in full effect: the Debtor conducted transactions, made payments, and operated its business according to the Plan's provisions. (*See* Docs. 5 at 4-5, 10 at 4, 18 at 3.)

2.  On December 5, 2005, Debtor made a payment of $202,000 to Appellant, believing the payment entitled Debtor to the release of Appellant's liens on five parcels of real property. (Docs. 17 at 8-10, 18 at 3-5.)  Appellant does not believe it should be required to release the liens. (Doc. 17 at 8-10.)  Debtor immediately filed a motion with the bankruptcy court to compel Appellant to release the liens. (*See* Doc. 16, Tab 9.)  While the Debtor awaited the bankruptcy court's decision on the motion to compel, the B.A.P. delivered its opinion on April 28, 2006, reversing confirmation of the plan because the release prices were inadequate. *See In re Inv. Co. of the Sw., Inc.*, 341 B.R. 298.  Debtor's motion for a rehearing before the B.A.P. stayed the B.A.P.'s mandate; as a result, the Plan remained in effect after April 28, 2006. (*See* Doc. 5 at 1, Ex. B; Doc. 16, Tab 2.)

---

[2] "Debtor" refers to Investment Company of the Southwest ("ICSW").

3. On May 17, 2006, the bankruptcy court granted Debtor's December motion to compel releases. (Doc. 16, Tab 8.) Appellant filed a motion to stay further proceedings on the motion to compel on the same day. (Doc. 16, Tab 17.) In response, Debtor filed a notice of presentment to the bankruptcy court, seeking an order of releases. (Doc. 16, Tab 21.) The bankruptcy court ordered the releases on May 30, 2006. (Doc. 16, Tab 6.) On June 1, 2006, the B.A.P. denied Debtor's motion for rehearing and issued its mandate reversing confirmation of the Plan. (Doc. 5, Exs. A, B.) Appellant then filed a Notice of Lis Pendens "to protect its interests in the property to be released . . . ." (Doc. 5 at 4.) The bankruptcy court quashed the Lis Pendens on June 7, 2006. (Doc. 5, Ex. D.) Appellant filed a motion requesting a stay of the order compelling releases and filed notice of this appeal. (*See* Doc. 1, Bankr. Docket Entries 349, 354.) The appeal was transferred to this Court on June 5, 2006. (*See* Doc. 1, Bankr. Docket Entry 356.) The appeal was assigned to Chief District Judge Martha Vazquez, who entered an order of reference on June 12, 2006. (Doc. 6.) The Court conditionally granted Appellant's motion to stay on June 28, 2006. (Doc. 14.)

**II.   ANALYSIS**

4. The issue presented on appeal is whether the bankruptcy court's release order (the "Order") is enforceable. I recommend the Court find that the Order is enforceable. The Court reviews "the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard." *Connolly v. Harris Trust Co. of Cal.* (*In re* Miniscribe Corp.), 309 F.3d 1234, 1240 (10th Cir. 2002) (citing *Conoco, Inc. v. Styler* (*In re* Peterson Distrib., Inc.), 82 F.3d 956, 959 (10th Cir.1996) (citations and quotation marks omitted in original)). Because the relevant facts are undisputed, the Court reviews the bankruptcy court's decision *de novo*. *See id.*

### A. The Bankruptcy Court Had Jurisdiction to Enter the Order.

5. The bankruptcy court had jurisdiction to enter orders enforcing the Plan, because the B.A.P.'s decision was not yet final. To ensure "the integrity of the appellate process[,]" the act of "filing . . . an appeal divests the lower court of its control over matters on appeal." *Dicola v. Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc.* (*In re* Prudential Lines, Inc.), 170 B.R. 222, 243 (S.D.N.Y. 1994) (citing *Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). Consequently, "a lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court." *Id.* (citations omitted).

6. If the party has appealed an order or judgment, however, the lower "court retains jurisdiction to implement or enforce the order or judgment." *Id.* (citing *C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.*, 750 F. Supp. 67, 69 (E.D.N.Y. 1990)). "[I]n the context of a Chapter 11 bankruptcy case[,] . . . in the absence of a stay pending appeal of the plan confirmation, the bankruptcy court is entitled to implement the plan." *Id.* at 244 (citing *Trone v. Roberts Farms, Inc.* (*In re* Roberts Farms, Inc.), 652 F.2d 793, 798 (9th Cir. 1981); *In re Commodore Corp.*, 87 B.R. 62, 63 (Bankr. N.D. Ind. 1987); *In re* AOV Indus. Inc., 46 B.R. 190 (D.D.C. 1984)). For example, a bankruptcy court had jurisdiction to order distribution of an estate, including the payment of attorney's fees, despite the fact that an earlier bankruptcy court order denying certain attorney's fees was still pending on appeal. *In re Davison*, 95 B.R. 665, 666 (Bankr. W.D. Mo. 1988).

7. "'A party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. However, if no stay is in effect, the prevailing party may treat the judgment of

4

the bankruptcy court as final, notwithstanding that an appeal is pending.'" *Lomagno v. Salomon Bros. Realty Corp.* (*In re* Lomagno), 320 B.R. 473, 481 (1st Cir. B.A.P. 2005) (quoting 10 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 8005.01 (15th ed. rev.)).  Appellant failed to seek a stay under Rule 8005 when it appealed the bankruptcy court's confirmation of the Plan.  *See* FED. R. BANKR. P. 8005.  Accordingly, the Plan remained operative while the appeal was pending with the B.A.P.  *See In re* Lomagno, 320 B.R. at 481.

8.      Appellant has acknowledged that "[w]hen the bankruptcy court issued its Order on May 30, 2006, Debtor's Plan remained in effect because Debtor's pending Motion for a Limited Rehearing stayed the BAP's Mandate."  (Doc. 5 at 1.)  A decision by the B.A.P. is not final until the B.A.P. issues its mandate.  *See Payne v. Clarendon Nat'l Ins. Co.* (*In re* Sunset Sales, Inc.), 195 F.3d 568, 570 (10th Cir. 1999).  Local Rule 8016-3 provides that "the mandate is stayed until the court resolves . . . a timely motion for rehearing . . . ."  10th Cir. B.A.P. L.R. 8016-3(c)(1).  In this case, while the B.A.P. issued its opinion reversing confirmation of the Plan on April 28, 2006, that opinion did not constitute the mandate because the Debtor filed a timely motion for rehearing.  (*See* Doc. 5, Exs. A, B.)  *See also In re* Inv. Co. of the Sw., Inc., 341 B.R. 298.  The B.A.P.'s June 1, 2006 denial of the motion for rehearing constitutes the mandate in the case.  10th Cir. B.A.P. L.R. 8016-3(c); *see also* Fed. Bankr. R. 8016(a).  (Doc. 5, Exs. A, B.)  Consequently, the bankruptcy court's Order should stand.

**B.    Reading the Plan as a Whole, Debtor Is Entitled to the Releases; but the Bankruptcy Court Should Consider Granting Appellant Some Kind of Relief.**

9.      The plain language of the Plan supports Debtor's position.  Paragraph 3.2(D) provides that Debtor may obtain lien releases whether or not it sells parcels of property.  (Doc.

5

26, Ex. 31 at 6-7.) Paragraph 3.2(E) addresses a completely different aspect of Debtor's payment plan – it requires Debtor to "make an additional principal payment . . . so that the total Principal Balance owed . . . as of any Effective Date anniversary shall have been reduced by 1/7 . . . ." (*Id.*, Ex. 31 at 7.) Appellant's argument would require the Court to read Paragraph 3.2(E) in a vacuum – since 3.2(E) does not discuss releases, Debtor must not be entitled to releases for payments made on or near each year's end. In other words, Appellant argues, if the "Effective Date" anniversary fell on December 31, and Debtor made a payment equal to 1/7 of the principal balance on September 1, (whether for the sale of a parcel or in lieu of a sale), Debtor could get releases; but if Debtor made that same payment on December 31, Debtor would not be entitled to releases. Such a result is illogical. No matter when Debtor made the payment in question, it should be entitled to an appropriate amount of lien releases.

10. Regardless of whether Debtor's reading of the Plan is correct, the Order at issue is based on a Plan that does not meet the Bankruptcy Code's requirements. *See In re* Inv. Co. of the Sw., Inc., 341 B.R. at 326. While the Order is enforceable because it was entered two days before the B.A.P. issued its mandate, the Order is directly contrary to the B.A.P.'s decision. The B.A.P. based its reversal of the Plan on the fact that "the aggregate of all release values is less than the amount of the total payments due [Appellant] under the Plan." *Id.* at 324. In other words, because the release prices were set too low, the Plan did not ensure that Debtor would pay the entire amount of the debt it owed to Appellant. *Id.* The Order at issue requires Debtor to pay Appellant the now disapproved release prices. (*See* Doc. 16, Tab 6.)

11. "[A] bankruptcy court has wide latitude to reconsider and vacate its own prior decisions . . . ." *Bialac v. Harsh Inv. Corp.* (*In re* Bialac), 694 F.2d 625, 627 (9th Cir. 1982)

(citing *Bennett v. Bennett* (*In re* Combined Metals Reduction Co.), 557 F.2d 179, 200-01 (9th Cir. 1977)).  Because the Order was entered only two days before the B.A.P. reversed confirmation of the Plan, the bankruptcy court should, in equity, revisit its Order and *consider* granting Appellant appropriate relief.  It is not the intention of this Court, however, to *require* the bankruptcy court to grant any relief.

### III.    RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that F.H. Partners L.P.'s appeal be **DENIED** and that the order of the bankruptcy court be **AFFIRMED**.  I also recommend that the bankruptcy court revisit its Order and consider granting Appellant appropriate relief.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES DISTRICT JUDGE**