IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: INVESTMENT COMPANY
OF THE SOUTHWEST,
       Debtor,
_____

F.H. PARTNERS, L.P.,
       Appellant

vs.                                   No. CIV  06-0473 MV/LCS

                                        Appeal from Order of
INVESTMENT COMPANY OF            Honorable James S. Starzynski
THE SOUTHWEST,                    United States Bankruptcy Court
       Appellee.                         District of New Mexico
                                        Case No. 11-02-17878 SA

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       On September 27, 2006, United States Magistrate Judge Leslie C. Smith entered the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 21), recommending that F.H. Partners L.P.'s appeal be denied and that the order of the bankruptcy court be affirmed. Appellant filed Objections to the Proposed Findings and Recommended Disposition on October 6, 2006. (Doc. 22.) Appellee has not filed a response. Pursuant to 28 U.S.C. § 636(b)(1), I have conducted a *de novo* review of the entire file and find Appellant's objections to be without merit. The Court further finds the Proposed Findings and Recommended Disposition, as specifically supplemented below, should be adopted.

       Appellant objects that the Magistrate Judge did not find Appellant's cited case law to be controlling. (Doc. 22 at 2-3.) In his recommended findings, Judge Smith used persuasive case law to explain why the bankruptcy court retained jurisdiction to enforce the Plan until the point

1

at which the B.A.P. issued its mandate reversing confirmation of the Plan. (Doc. 21 at 4-5.) The cases Appellant relies on are distinguishable from this case. In *Wheeler*, the Tenth Circuit held that when a jury verdict is reversed and a different verdict is obtained by a second jury, it would have been error for the court to enter an order based on the first verdict. *Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir. 1991). *Wheeler* was a personal injury case, not a bankruptcy case. *Id.* Furthermore, the case's posture was completely different – in *Wheeler*, the order at issue would have been entered *after* the judgment had already been reversed. *Id.* at 1093-94. Here, the bankruptcy court's Order was entered *before* the B.A.P. issued its mandate reversing the Plan's confirmation.

While Appellant's reference to *Butler v. Eaton* is slightly more persuasive, it still fails to prove more relevant than the case law cited in the proposed findings. 141 U.S. 240 (1891). *Butler* is primarily distinguishable because it was not rendered in the context of a Chapter 11 bankruptcy case; the authority cited by Judge Smith was. As detailed in the proposed findings, "in the absence of a stay pending appeal of the plan confirmation, the bankruptcy court is entitled to implement the plan." *Dicola v. Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc.* (*In re* Prudential Lines, Inc.), 170 B.R. 222, 244 (S.D.N.Y. 1994). Appellant failed to obtain a stay while it appealed the Plan's confirmation. Appellant has not found any law that contradicts the obvious conclusion in this case: the bankruptcy court's order is enforceable. Allowing this result will not "invite bankruptcy courts to undercut a pending appellate mandate"; it might, however, encourage future appellants to be proactive and seek a stay in such a situation. (Doc. 22 at 5.) Appellant's objections are without merit.

      **IT IS THEREFORE ORDERED** that:

1.      the Magistrate Judge's Proposed Findings and Recommended Disposition filed September 27, 2006 (Doc. 21) are adopted by the Court;

2.      F.H. Partners, L.P.'s Appeal (Doc. 1)  is **DENIED**; and

3.      The order of the bankruptcy court is **AFFIRMED.  I recommend that the bankruptcy court revisit its Order and consider granting Appellant appropriate relief.**

4.      This matter is **REMANDED** for further proceedings consistent with this order.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**